# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **JOHN H. SCHOPPE,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | Case No. 1:20-cv-00082-DB-JCB |
| **STATE OF UTAH, et al.,** | District Judge Dee Benson |
| Defendants. | Magistrate Judge Jared C. Bennett |

District Judge Dee Benson referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] The court notes that pro se Plaintiff John H. Schoppe ("Mr. Schoppe") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court are: (1) the review of Mr. Schoppe's complaint[3] under the authority of the IFP Statute, (2) Mr. Schoppe's motion to "allow a book" as an exhibit to his complaint,[4] and (3) his motion for preliminary injunctive relief.[5] As discussed below, this case should be dismissed, and Mr. Schoppe's other two motions fail as a matter of law.

---

[1] ECF No. 5.

[2] ECF No. 2.

[3] ECF No. 3.

[4] ECF No. 4.

[5] ECF No. 6.

## BACKGROUND

Mr. Schoppe's complaint names as defendants the State of Utah; Workforce Services; Medicaid; the United States of America; Social Security; the Internal Revenue Service; the Department of Justice; and "all entities, Administrative Agencies, and parties included by practice, definition and/or acts such as the University of Utah, Division of Occupational & Professional Licensing, jointly and severally" (collectively, "Defendants").[6] Mr. Schoppe's complaint contains the following allegations in support of his claims:

- Mr. Schoppe has "exhausted Administrative Remedies or . . . been defeated in exhausting remedy for the damages done over decades by Defendants."[7]

- The "damages done" by Defendants "provides overwhelming, incontrovertible, and irrefutable evidence . . . of the systematic abuses by the 'Fourth Branches of Governments' [and] Administrative Agencies on Federal, State, and Local levels."[8]

- "Both the State of Utah['s] and the United States of America['s] Constitutional protections of Separation of Powers, Proportionality, Due Process, Equality, and most others enumerated in the Bill of Rights, and especially the objectives of the very Founding Fathers of this great nation have been and are violated by the arbitrary, capricious, and malicious practices of Defendants."[9]

- Mr. Schoppe's "endless, fruitless dealings with faceless bureaucrats lack transparency and accountability which defeat [his]

---

[6] ECF No. 3 at 1.

[7] *Id*. at 2.

[8] *Id*.

[9] *Id*. (internal quotations omitted).

- ability to obtain remedy and stop the wrongful abuses perpetrated by Defendants."[10]

- Mr. Schoppe believes that the "aspirational goals and endeavors" of equality, life, liberty, and the pursuit of happiness set forth in the Declaration of Independence "have been undermined, subverted, and effectively destroyed" since the date of the Declaration of Independence, "and most dramatically since President D. Eisenhower's [f]arewell address to the nation on January 17, 1961[,] where he advocated the nation to guard against the potential influence of the military-industrial complex."[11]

- Mr. Schoppe claims that he "will establish that it is now the Military-Industrial-Academic-Administrative State-Commerce-Media-Political Party complex (MIAASCMPP) and Elites all over the planet Earth that have conspired, or acted effectively to arbitrarily, capriciously, maliciously, and criminally . . . destroy/deny to all other parties worldwide like" Mr. Schoppe.[12]

- Defendants, "through their adoption and exercise of the Administrative Law Acts[,] have overwhelmingly betrayed . . . and bastardized all four rights of equality, life, liberty, and the pursuit of happiness of" Mr. Schoppe.[13]

Based upon those allegations, Mr. Schoppe asserts—in all capital letters—causes of action for: (1) "UNLAWFUL VIOLATION OF THE SEPARATION OF POWERS THROUGH ADMINISTRATIVE AGENCIES POWERS"; (2) "PHYSICAL, MENTAL, EMOTIONAL, SPIRITUAL, FINANCIAL, SOCIAL, ECONOMIC, AND PROFESSIONAL DAMAGES"; and

---

[10] *Id*.

[11] *Id*. (internal quotations and emphasis omitted).

[12] *Id*. (emphasis omitted).

[13] *Id*. at 4 (emphasis omitted).

(3) "BUREAUCRATIC ABUSES."[14] Mr. Schoppe also seeks unspecified injunctive relief in his complaint and asks that the court "hold Defendants guilty of aforesaid violations and award [him] the damages sought."[15] Mr. Schoppe claims that he "has no adequate remedy at law" and that "[w]ithout Court intervention and award of damages, [he] will suffer more actual and irreparable financial, economic, physical, mental, emotional, career, familial, and professional damages and injury."[16]

In his request for relief, Mr. Schoppe seeks: (1) "compensatory damages and punitive damages in an amount not less than $200,000,000.00"; (2) prejudgment interest; (3) unspecified injunctive relief; and (4) court costs "arising out of [D]efendants' abuse, negligence, incompetence, constructive conspiracy, malfeasance, [and] deprivation of [his] life, liberty, and pursuit of happiness."[17]

On the same date he filed his complaint, Mr. Schoppe filed his motion to "allow a book" as an exhibit to his complaint.[18] Thereafter, he filed his motion for preliminary injunctive relief.[19]

---

[14] *Id.* (emphasis omitted).

[15] *Id*.

[16] *Id*.

[17] *Id*. (emphasis omitted).

[18] ECF No. 4.

[19] ECF No. 6.

**LEGAL STANDARDS**

To review Mr. Schoppe's complaint under the authority of the IFP Statute, this court must consider two legal standards. First, the court considers the law pertaining to failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). Second, the court considers the legal standards relating to frivolous claims. Each legal standard is set forth below.

**I.      Failure to State a Claim**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010). Rule

5

8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted) (alteration in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him. *Twombly*, 550 U.S. at 555. The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

In analyzing Mr. Schoppe's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted). After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## II.     Frivolousness

The IFP Statute also permits the court to dismiss Plaintiff's amended complaint if its allegations are frivolous. 28 U.S.C. § 1915(e)(2)(B)(i) (providing that under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous"). As to frivolousness under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In fact, the Court said that the IFP Statute

7

> accords judges not only the authority to dismiss a claim based on
> an indisputably meritless legal theory, but also the unusual power
> to pierce the veil of the complaint's factual allegations and dismiss
> those claims whose factual contentions are clearly baseless.
> Examples of the former class are claims against which it is clear
> that the defendants are immune from suit . . . and claims of
> infringement of a legal interest which clearly does not exist . . . .
> Examples of the latter class are claims describing fantastic or
> delusional scenarios . . . .

*Id.* at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Bellmon*, 935 F.2d at 1108-10.

## ANALYSIS

As noted above, before the court are: (1) the review of Mr. Schoppe's complaint[20] under the authority of the IFP Statute, and (2) Mr. Schoppe's motion to "allow a book" as an exhibit to his complaint[21] and motion for preliminary injunctive relief.[22] The court will address those matters in turn. Based upon the following analysis, the court concludes that this action should be dismissed with prejudice under the authority of the IFP Statute and that Mr. Schoppe's motions should be denied.

**I.      Review of Mr. Schoppe's Complaint Under the IFP Statute.**

Mr. Schoppe's complaint should be dismissed because it fails to state a claim upon which relief can be granted and is frivolous. Each reason for dismissing the complaint is addressed in order below.

---

[20] ECF No. 3.

[21] ECF No. 4.

[22] ECF No. 6.

### A. Mr. Schoppe's Complaint Fails to State Claims Upon Which Relief Can Be Granted.

After reviewing Mr. Schoppe's complaint, the court concludes that all the factual allegations therein are conclusory in nature and, therefore, fail to satisfy the minimum pleading standards required under Rule 8(a)(2) and Rule 12(b)(6). Mr. Schoppe fails to make any specific allegations about Defendants' alleged actions. Instead, he makes only conclusory allegations devoid of any factual support or enhancement. Thus, he has failed to make sufficient allegations to state any claims upon which relief can be granted. *Bellmon*, 935 F.2d at 1110 (providing that the "broad reading" accorded to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based" and that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Even if factually supported, Mr. Schoppe's causes of action still fail to state a claim because they fail as a matter of law. His claims for "UNLAWFUL VIOLATION OF THE SEPARATION OF POWERS THROUGH ADMINISTRATIVE AGENCIES POWERS"[23] and "BUREAUCRATIC ABUSES"[24] are not recognized causes of action and, therefore, must fail. Mr. Schoppe's only other remaining substantive cause of action is for "PHYSICAL, MENTAL, EMOTIONAL, SPIRITUAL, FINANCIAL, SOCIAL, ECONOMIC, AND PROFESSIONAL

---

[23] ECF No. 3 at 4.

[24] *Id*.

DAMAGES."[25] Even if the court were to construe that claim as a cognizable tort claim, it would fail for two reasons. First, to the extent it is a state-law tort claim, this court should decline to exercise supplemental jurisdiction over it because Mr. Schoppe has not stated any cognizable federal claims. 28 U.S.C. § 1367(c)(3); *Andrews v. Andrews*, No. CIV-05-0110-HE, 2006 WL 771578, at *2 (W.D. Okla. Mar. 27, 2006) ("[B]ecause the complaint fails to state a federal claim, to the extent it does allege a claim or claims under state law, the court declines to exercise its supplemental jurisdiction to consider them."). Second, to the extent it could be liberally construed as a claim against the United States under the Federal Tort Claims Act ("FTCA"), Mr. Schoppe has failed to allege that he has exhausted the prerequisites to maintain such a claim. *Glaser v. City, Cnty. of Denver, Colo.*, No. CIVA08CV02269LTBBNB, 2010 WL 936093, at *4 (D. Colo. Jan. 28, 2010) (providing that "[i]n order to maintain a claim under the FTCA, a plaintiff must comply with several strictly construed prerequisites to suit" and dismissing the plaintiff's FTCA claim based, in part, upon his failure to demonstrate that he exhausted his administrative remedies), *report and recommendation adopted*, No. CIVA08CV02269LTBBNB, 2010 WL 936083 (D. Colo. Mar. 15, 2010).

      For those reasons, the court concludes that Mr. Schoppe's complaint fails to state claims upon which relief can be granted. Having reached that conclusion, the court again recognizes that it may dismiss Mr. Schoppe's complaint for failure to state claims upon which relief can be granted only if "it is obvious that [he] cannot prevail on the facts he has alleged and it would be

---

[25] *Id.*

futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). The court concludes that it would be futile to provide Mr. Schoppe with an opportunity to amend his complaint because, given the analysis set forth above, Mr. Schoppe could not provide any additional, plausible allegations that would save any of his claims from dismissal.

### B. Mr. Schoppe's Complaint Is Frivolous.

The court also concludes that Mr. Schoppe's complaint is frivolous. As noted above, the IFP Statute's term "frivolous" includes complaints that contain "fanciful factual allegation[s]," *Neitzke*, 490 U.S. at 325, that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. The term "frivolous" also includes complaints containing "claims of infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. Based upon the foregoing summary of Mr. Schoppe's complaint, the court concludes that it falls squarely within those two categories. Therefore, his complaint should be dismissed as frivolous under the IFP Statute.

## II. Mr. Schoppe's Motions Should Be Denied.

Mr. Schoppe has filed a motion to "allow a book" as an exhibit to his complaint[26] and a motion for preliminary injunctive relief.[27] Both of those motions should be denied.

Mr. Schoppe's first motion should be denied because he makes no effort to explain how the book is relevant to his complaint. Furthermore, given the court's analysis of Mr. Schoppe's

---

[26] ECF No. 4.

[27] ECF No. 6.

11

complaint above, the court does not see how consideration of the book could possibly save his claims from dismissal.

Mr. Schoppe's second motion should likewise be denied. To succeed on a motion for preliminary injunction, Mr. Schoppe must show, among other things, that he is likely to succeed on the merits of this claims. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (providing that a required element for a preliminary injunction is substantial likelihood of success on the merits). Consistent with the foregoing analysis of Mr. Schoppe's complaint, the court concludes that he cannot establish a substantial likelihood of success on the merits of his claims. Therefore, he is not entitled to a preliminary injunction.[28]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court concludes that Mr. Schoppe's complaint fails to state claims upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The court also concludes that Mr. Schoppe's complaint is frivolous in nature. *Id*. § 1915(e)(2)(B)(i). For those two reasons, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE under the authority of the IFP Statute. *Id*. § 1915(e)(2)(B)(i)-(ii).

IT IS FURTHER RECOMMENDED that Mr. Schoppe's motion to "allow a book" as an exhibit to his complaint[29] and motion for preliminary injunctive relief[30] be DENIED.

---

[28] This reasoning applies with equal weight to the request for injunctive relief in Mr. Schoppe's complaint.

[29] ECF No. 4.

[30] ECF No. 6.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *Id*. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED September 14, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge